**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                  Case No. 10-CR-149

PAUL HILL,

        Defendant.

## ORDER

On September 8, 2010, defendant Paul Hill ("Hill") filed a Motion to Dismiss (Docket #16). That motion requested dismissal of the indictment or, alternatively, for the government to provide a bill of particulars. In the government's Response (Docket #19), it stated that, despite its maintaining an open file policy, it would file a bill of particulars as requested. Upon considering the arguments, Magistrate Judge Patricia J. Gorence issued a Recommendation (Docket #20) that the motion to dismiss be denied. In her recommendation, the magistrate judge also ordered the alternative motion for a bill of particulars be denied as moot and directed the government to provide the bill to the defendant three weeks before commencement of trial. Subsequent to issuance of the Recommendation, Hill filed an Objection (Docket #21) on November 4, 2010. He does not object to the magistrate's treatment of the bill of particulars issue, but only to the recommendation that the court deny dismissal. The motion is now before the court for final determination.

The court reviews *de novo* that portion of the recommendation to which the defendant objects. 28 U.S.C. § 636(b)(1).

Hill was indicted on two counts of money laundering pursuant to 18 U.S.C. §§ 1956(a)(3)(B) and 2. The Indictment (Docket #12) recites the counts as follows, identical other than the dates:

> That on or about [date], in the State and Eastern District of Wisconsin, PAUL HILL, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, knowingly conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce involving property represented by a person at the direction of a Federal official authorized to investigate or prosecute violations of this section, to be proceeds of specified unlawful activity, to wit: proceeds of violations of [21 U.S.C. § 841(a)(1)].
>
> All in violation of [18 U.S.C. §§ 1956(a)(3)(B) and 2].

(Indictment 1-2). The "specified unlawful activity" referenced is the knowing or intentional manufacture, distribution, dispensation, or possession with intent to do such, of a controlled substance. 21 U.S.C. § 841(a)(1). Hill argues that the Indictment is insufficiently detailed to inform him of the nature of the charges in order to prepare a defense and thus violates the Fifth and Sixth Amendments of the Constitution.

As Magistrate Gorence noted, the Fifth and Sixth Amendments establish three minimum requirements for an indictment: (1) that it adequately state all elements of the crime charged; (2) it inform the defendant of the nature of the charges in order to prepare a defense; and (3) it allow the defendant to plead double jeopardy in the

future. *United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002). An indictment is reviewed practically and in its entirety, rather than "in a hypertechnical manner." *Id.* "Generally, an indictment is sufficient when it sets forth the offense in the words of the statute itself, so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). However, in order to satisfy the second prong, the indictment must still "provide enough factual particulars to sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (internal quotation omitted). To meet that test, the indictment must, "at a minimum, . . . provide some means of pinning down the specific conduct at issue." *Id.*

A useful case for analysis is *Hinkle*, wherein the defendant was charged by indictment with using a telephone in "facilitating" acts constituting a felony under 21 U.S.C. § 841(a)(1). 637 F.2d at 1156. The six counts were identical but for six differentiating dates. *Id.* The counts essentially parroted the statutory language other than specifying the dates and a telephone as the statutorily required "communication facility." *Id.* The Seventh Circuit found the indictment constitutionally deficient under the second prong, writing that "appellant only knows that she is charged with using the telephone on certain days to facilitate in some manner the doing of one of six types of acts, any of which might involve any one of

one hundred and forty-two controlled substances."[1] *Id.* at 1157-58, 1158. In so deciding, the court stated that the "indictment tells [the defendant] nothing about the gravamen of the alleged offense: what she attempted to facilitate with which controlled substance." *Id.* at 1158. The court reasoned that the statutory term "facilitating" was "intrinsically more vague than 'promoting a business enterprise'", the statutory term used in a case which the Seventh Circuit had found the indictment sufficient. *Id.* The court also noted that the use of specific dates added "little if anything to her knowledge of the charges against her, given the frequency with which most people use the telephone during any one day." *Id.*

In light of this discussion, the court proceeds to Hill's arguments. He focuses on the second prong, informing the defendant of the nature of the charges, and in so doing argues that the indictment does not sufficiently identify or describe the "financial transaction" in question. Hill further argues that the indictment fails to offer any factual basis to support the element of intent or the allegation that the transaction in question affected interstate and foreign commerce. Beginning with the commerce argument, a conclusory allegation of effect on commerce without evidentiary detail does not render an indictment constitutionally insufficient. *United States v. Williams*, 679 F.2d 504, 509 (7th Cir. 1982). Thus, Hill's third argument fails.

---

[1] 21 U.S.C. § 841(a)(1), as described earlier, involves manufacture, distribution, dispensation or possession with intent to commit any of those three acts.

As to Hill's argument regarding intent and the "financial transaction," the indictment, read holistically, is sufficient to inform him of the gravamen of the charge. Though the term "financial transaction" is broadly defined,[2] the inclusion of specific dates, in conjunction with the allegation of conducting a financial transaction that specifically involves what essentially amounts to drug money, is sufficient for a defendant to pin down the conduct at issue. Though, as in *Hinkle*, people may engage in frequent financial transactions during the course of a given day, the allegation that the transactions involved proceeds represented to be drug money allows a defendant to understand the gravamen of the charge. Unlike *Hinkle*, this is not a case where Hill is faced with a charge of committing a broad, undefined action related to an unspecified substance that may be one of over a hundred. Instead, he is faced with a charge of committing broadly defined, yet inherently far less vague, conduct related to a very specific type of object – drug money – on specific dates. In sum, Hill need only determine what, if any, transactions he undertook on the specified days that may have been involved with drug proceeds and then evaluate his intent (assuming any involvement in the first place). As such, the court finds the indictment sufficient to make Hill aware of the nature of the charges in order to prepare his defense. Thus, the court is obliged to deny the motion.

---

[2] A "'transaction' includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition" as well as a number of transactions through financial institutions such as deposits. 18 U.S.C. § 1956(c)(3). A "financial transaction" then includes anything that "in any way or degree affects interstate or foreign commerce" among other things. 18 U.S.C. § 1956(c)(4).

Accordingly,

**IT IS ORDERED** that the Magistrate Judge Patricia J. Gorence's October 22, 2010 Recommendation (Docket #20) be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that the defendant's Motion to Dismiss (Docket #16) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge